NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EMESE GLORIA JACKSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**PENNY NIELSEN,**
*Intervenor*

---

2015-3121

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-14-0699-I-1.

---

Decided: October 9, 2015

---

EMESE GLORIA JACKSON, Birmingham, AL, pro se.

MICHAEL ANTON CARNEY, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

PENNY NIELSEN, Altamonte Springs, FL, pro se.

---

Before REYNA, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Emese Gloria Jackson petitions for review of the Merit Systems Protection Board's ("Board") decision affirming the dismissal of her appeal after Ms. Jackson, through her attorney, voluntarily withdrew her appeal. Because we discern no legal or procedural error, we *affirm*.

## BACKGROUND

Ms. Jackson filed an application with the Office of Personnel Management ("OPM") requesting death benefits under the Civil Service Retirement System (CSRS) based on the death of Donald Martin. OPM issued a final decision denying Ms. Jackson's claim because Ms. Jackson was not Mr. Martin's designated beneficiary.

Ms. Jackson appealed OPM's decision to the Board. Ms. Jackson presented evidence purporting to show that Mr. Martin intended to name her as the beneficiary. While her appeal was pending, Ms. Jackson, through her attorney, filed a motion to dismiss the appeal. The Administrative Judge granted Ms. Jackson's motion after finding her withdrawal "clear, unequivocal, and decisive." J.A. 6–7.

Ms. Jackson thereafter filed a pro se petition for review with the Board. Ms. Jackson's petition addressed the merits of OPM's final decision but did not address the motion to dismiss her appeal, explain why dismissal was unwarranted, or suggest that the motion to dismiss was filed due to error or misrepresentation by her representative or OPM. The Board therefore denied Ms. Jackson's petition for review and affirmed the Administrative Judge's initial decision. The Board explained that a "clear, decisive, and unequivocal" withdrawal of an appeal is an "act of finality which removes the appeal from the Board's jurisdiction." J.A. 3 (citing *Page v. Dep't. of Trans.*, 110

M.S.P.R. 492, ¶ 5 (2009). Ms. Jackson's appeal to this court followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

We find no error in the Board's decision to affirm the dismissal of Ms. Jackson's appeal. Ms. Jackson signed a document designating her attorney as her representative and authorizing her attorney to act on her behalf. J.A. 43. A person appearing before the Board is bound by the actions of her selected representative. *Duncan v. Merit Sys. Prot. Bd.*, 795 F.2d 1000, 1002–03 (Fed. Cir. 1986). Ms. Jackson's attorney submitted a withdrawal that was "clear, unequivocal, and decisive." *Page*, 110 M.S.P.R. at ¶ 5. The withdrawal was an "act of finality" that removed the appeal from the Board's jurisdiction. *Spencer v. R.R. Ret. Bd.*, 93 M.S.P.R. 80, 82 (2002). We find no unusual circumstances such as misinformation or new and material evidence that would have justified reinstating Ms. Jackson's appeal. *See White v. United States Postal Serv.*, 92 M.S.P.R. 113, 114 (2002). We therefore affirm the Board's decision.

## AFFIRMED

### COSTS

No costs.